CHRISTOPHER S. WOO  #7172-0
758 Kapahulu Avenue, Suite 1172
Honolulu, Hawaii, 96816
T/F:  (808) 800-8119   $(808)$ 375 - 6407
woocesq@gmail.com

Attorney for Plaintiff
RUPERT BROWNE

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| RUPERT BROWNE,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF HONOLULU, HONOLULU POLICE DEPARTMENT; SUSAN BALLARD, in Her Official and Individual Capacities; SAMUEL L. JACSO, in His Official and Individual Capacities; and DOE OFFICERS 1 through 20, Inclusive;<br><br>Defendants. | Civil No. 19-1-1321-08 DEO<br><br>VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; EXHIBIT 1; VERIFICATION OF COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES; and SUMMONS |

## VERIFIED COMPLAINT FOR DECLARATORY AND
## INJUNCTIVE RELIEF AND DAMAGES

**COMES NOW** Plaintiff RUPERT BROWNE ("Plaintiff"), for cause of action

against the above-named Defendants, and alleges as follows:



## Exhibit A

## I.    Introduction

1.    This is a civil rights complaint for declaratory and injunctive relief and damages arising from Honolulu Police Department ("HPD") officers' violations of the fundamental rights of Plaintiff, including his rights to be free from unreasonable searches and seizures, racial discrimination, and deprivations of due process, among others guaranteed by the United States Constitution, Hawaii Constitution, and Hawaii law. The defendants violated these rights when they illegally forced their way into Plaintiff's residence, used excessive force to detain Plaintiff in his own home, iand searched Plaintiff's residence in the middle of the afternoon,  The defendants then seized Plaintiff's dog without justification or even explanation,  The defendants violated Plaintiff's civil rights, not because the officers had reasonable suspicion that Plaintiff had engaged in any specific criminal activity, but because, he is a black self-employed young man, who owned and possessed property the officers wanted for themselves, i.e. a specially trained, valuable German Shepard..

2.    Plaintiff is known to defendants as a successful self-employed young black male who owned and possessed a German Shepard highly and specially trained to act as a seizure and mental distress care animal.  Plaintiff bought such German Shepard for $1,500.00.

3.    Plaintiff suffers from Post Traumatic Stress Disorder and other mental conditions and purchased such German Shepard as part of his treatment of his mental conditions.

1

4.     Defendants learned that Plaintiff had purchased the subject German Shepard and attempted to buy the same from Plaintiff through a third party known to both Plaintiff and defendants.

5.     Defendants and Plaintiff could not agree on the terms of a purchase and sale of the care animal, as Plaintiff;s offer of the cost he paid for the German Shepard plus the cost of the vetrenairy and food expenses (roral $3,000.00) was too expensive for the defendants, who apparently decided to simply take it from Plaintiff rather than pay for it.

6.     Indeed, defendants violated Plaintiff's civil rights when, on June 3, 2019, Defendant:Lieutenant Samuel L. Jacso and Doe Officer Defendant 1 unlawfully forced entry into Plaintiff's residence, and used excessive force to detain Plaintiff while they searced Plaintiff's home

7.     The defendants' violations did not stop there. When the unlawful entry and search yielded no evidence of a crime, rather than leave Plaintiff's residence and Plaintiff alone, the defendants unlawfully seized Plaintiff's German Shepard from Plaintiff..

8.     At no point prior to the unlawful detention of Plaintiff, and the illegal entry and search of Plaintiff's residence and seizure of his German Sherpard did the officers attempt to obtain a warrant, and no exigent circumstances existed to justify a warrantless search and seizure of Plaintiff's residence and personal property.  Instead, the officers summarily took Plaintiff's German Shepard without reason, warrants,records, or any documentation whatsoever.

9.     A true and corredt copy of Plaintiff's complaint to Defendant Chief Susan Ballard is attached hereto and incorporated jerein by reference as **Exhibit "1".**

10-.     Plaintiff duly reported the defendants wrongful actions and omissions to the Honolulu Police Department and report number 19-195985 was generated.

11.     To date, Plaintiff is unaware of any follow up or charges resulting from the above stated incident and report.

12.     Plaintiff is entitled to damages, as well as judicial and equitable relief, to cure the violations of all of the above-mentioned fundamental rights.

## II.    Jurisdiction and Venue

13.     The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to adjudicate related claims arising under the Constitution and laws of Hawaii.

14.     The Court may award damages and grant declaratory and injunctive relief for constitutional violations pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 2201, and/or Hawaii Rules of Civil Procedure 57 and 65.

15.     Venue is proper in this district under 28 U.S.C. § 1391(b) because the events that give rise to this action occurred within this district and the defendants reside in this district and state.

16.     The Court has personal jurisdiction over the defendants, all of whom, on information and belief, are residents of the state of Hawaii.

3

### III. Parties

17.    Plaintiff RUPERT BROWNE is and was at all times mentioned herein a citizen of Hawaii and resident of City and County of Honolulu.

18.    Defendant CITY AND COUNTY OF HONOLULU ("City" or "Honolulu") is a duly organized and existing municipality under Hawaii law, located in Honolulu County, Hawaii. The City has direct supervisory authority over HPD and its officers,and HPD policies are City policies for purposes of municipal liability.

19.    Defendant SUSAN BALLARD is the Chief of the HPD and is responsible for, *inter aha*, providing a uniformed force for law enforcement, appointment and supervision of City police, preparing rules and regulations for law enforcement, maintaining facilities for crime detection and suppression, and controlling traffic and maintaining safety on highways. Defendant SUSAN BALLARD is sued in her individual and official capacities as the Chief of the HPD for her failure or refusal to carry out her foregoing obligations in breach of her duty of care owed to the Plaintiff and with deliberate indifference to andlor reckless  disregard of the serious foreseeable harm posed to the Plaintiff.

20.    Defendant SAMUEL L. JACSO, is a Lieutenant of the HPD and is employed by the City oif Hoinolulu,  Defendant SAMUEL L. JACSO is sued in his individual and official capacities as a Lieutenant of the HPD for his failure or refusal to carry out his foregoing obligations in breach of his duty of care owed to the Plaintiff and with deliberate indifference to andlor reckless  disregard of the serious foreseeable harm posed to the Plaintiff..

4

21.     At all times relevant to this action, Defemdamts DOE OFFICERS 1 through 20 (collectively, "Defendant Officers") are police officers employed by the City of Honolulu.  The identity of the Defendant Officers are currently unknown to Plaintiff, who reserves the right to amend this verified complaint to further identify them when such information becomes available through discovery or otherwise. Defendants Officers were agents and employees of the City acting underte law and within the course and scope of their agency and employment.  At all times relevant to this action, Defendant Officers were knowingly aiding and abetting or acting in concert with each other with respect to each act or omission alleged in this verified complaint.

22.     All Defendants are sued in their official capacities for declaratory and injunctive relief as to all claims. All Defendants are also sued for damages arising from violations of 42 U.S.C. § 1983 and for violations of state law and the Hawaii Constitution.

23.     Defendant Officers are also sued in their individual capacities for their violations of Plaintiff's clearly established Fourth and Fourteenth Amendment rights.

### IV,    Material Facts

24.     The Plaintiff is black.

25.     On or about June 6, 2019, Plaintiff was quietly and peaceaby enjoying his residence.

26.     While Plaintiff was so enjoying his residence, Defendant Officers illegally entered Plaintiff's residence and by means of unwanted touching and excessive force wrongfully detained Plaintiff in his own home.

27.     Defendant Officers conducted a criminal check of Plaintiff  The results of the

5

criminal check were negative.

28.    Within a few minutes, Defendant Oficers entered Plaintiffs' residence.

29.    .At that time, Defendant Officers wrongfully searched Plaintiff's residence until they found and illegally seized Plaintiff's highly trained and very specialized German Shepard.

## V.    Claims for Relief

## Count One
## Negligence

30.    Plaintiffs incorporate in the counts below the allegations contained in paragraphs 1-25 above.

31.    Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, breached the duty of care owed to Plaintiff thereby causing Plaintiff to sustain reasonably foreseeable harm and damages as aforesaid.

## Count Two
## Unreasonable Search and Seizure in Violation of 42 U.S.C. $1983

32.    Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused Plaintiff to be illegally searched and seized in derogation of Plaintiff's constitutional right to be fiee fiom unreasonable searches and seizures, causing Plaintiff to sustain damages as aforesaid, and thereby deprived Plaintiff of rights secured under the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. 8 1983.

## Count Three
## Unlawful Discrimination in Violation of 42 U.S.C. $1983

33.    Defendants, acting under color of state law, by their individual and concerted acts andfor omissions, including, but not limited to, those described herein, caused Plaintiff to be

6

discriminated against based on his race in derogation of Plaintiff's constitutional right to be fiee

fiom unlawhl racial discrimination, causing Plaintiff to sustain damages as aforesaid, and

thereby deprived Plaintiff of rights secured under the Fourteenth Amendment to the

United States Constitution, actionable pursuant to 42 U.S.C. $1983.

## Count Four
### Deprivation of Civil Rights in Violation of 42 U.S.C. 91981

34.     Defendants, acting under color of state law, by their individual and concerted

acts andlor omissions, including, but not limited to, those described herein, caused the Plaintiff

to be illegally searched and seized and unlawfully discriminated against in derogation of

Plaintiff's civil rights, causing Plaintiff to sustain damages as aforesaid, and thereby deprived

Plaintiff of rights secured under 42 U.S.C. $1981.

## Count Five
### Unlawful Discrimination in Violation of Article I, Section 2 of the Hawaii Constitution

35.     Defendants, acting under color of state law, by their individual and concerted acts

and/or omissions, including, but not limited to, those described herein, caused Plaintiff to be

unlawfully discriminated against in derogation of Plaintiff's constitutional right to be free fiom

unlawful racial discrimination, causing Plaintiff to sustain damages as aforesaid, and thereby

deprived Plaintiff of rights secured under Article I, Section 6 of the Hawaii Constitution.

## Count Six
### Unreasonable Search and Seizure in Violation of Article I, 96 of the Hawaii Constitution

36.     Defendants, acting under color of state law, by their individual and concerted acts

and/or omissions, including, but not limited to, those described herein, caused Plaintiff to be

illegally searched and seized in derogation of Plaintiff's constitutional right to be fiee fiom

7

unreasonable search and seizures, causing Plaintiff to sustain damages as aforesaid, and thereby deprived Plaintiff of rights secured under Article I, Section 6 of the Rhode Island Constitution.

## VI. Prayers for Relief

**WHEREFORE,** Plaintiff prays that this Court grant the following relief:

a. A declaratory judgment that the Defendants, in the manner described herein, violated the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. $1983, 42 U.S.C. $1981, Article I, Section 2 of the Hawaii Constitution, and Article I, Section 6 of the Hawaii Constitution, by causing Plaintiff to be unlawfully searched and seized.

b. An award of compensatory damages.

c. An award of punitive damages.

d. An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney pursuant to 42 U.S.C. Section 1988.

e. Such other and further relief as the Court deems just and proper.

## VII. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

## VIII. Designation of Trial Counsel

Plaintiff hereby designates Christopher S. Woo , Esquire, as trial counsel.

DATED:  Honolulu, Hawaii, July 15, 2019.

CHRISTOPHER S. WOO
Attorney for Plaintiff
RUPERT BROWNE

8

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| RUPERT BROWNE, <br><br> Plaintiff, <br><br> v. <br><br> CITY AND COUNTY OF HONOLULU, HONOLULU POLICE DEPARTMENT; SUSAN BALLARD, in Her Official and Individual Capacities; SAMUEL L. JACSO, in His Official and Individual Capacities; and DOE OFFICERS 1 through 20, Inclusive, <br><br> Defendants. | Civil No. ~~19-1-1108-07~~ <br> 19-1-1321-08 <br><br> VERIFICATION TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES |

## VERIFICATION TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1.     I, RUPERT BROWNE, am over 18 years of age and am a resident of the City and County of Honolulu, State of Hawaii ("Plaintiff"). I have personal knowledge of, and am competent to testify to, the matters hereinafter stated.

2.     I am the Plaintiff in this matter and as such I have reviewed the Verified Complaint for Imjunctive Relief and Damages, and hereby confirm the factual accuracy of the statements contained therein to the best of my knowledge, information, and belief.

/

/

9

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of July, 2019, at Honolulu, Hawaii.

8-19-2019

RUPERT BROWNE

10

To : Chief Susan Ballard,

My name is Rupert Browne, I'm am writing you this letter regard Police Procedure and Crimes..where my Civil Law Acts we're Violated .A police report was made to Badge #3163 Report number 19. 195985

On the afternoon of June 4,2019 at approximately 12$45pm. The manager of Aloha Lana Condominium Kim Kaoihana knocked on my door.

Address :
2211 Ala Wai Blvd .Apt . 2111, Honolulu HI 96815

As soon as I open the door..2 Police Officers, Lieutenant Samuel F Jacso and another police Officer with badge ending with#370 of the Honolulu police department forced and entered my home Without my Consent and took my property (my dog I purchased 1 1/2 months ago) I was only told that there was an investigation going on about a Stolen Dog I made a request to Lieutenant Samuel F Jacso many times to provide me a copy of a search warrant or court order which he refused to give me, Violating "the right to do process under the 14th amendment as well as a right to be protected from unreasonable search and seizure under the 4th amendment.

I also have a Video Recording of this incident If someone can please contact me recard this Incident, I would greatly appreciate it.

Rupert Browne

| STATE OF HAWAI'I CIRCUIT COURT OF THE FIRST CIRCUIT | SUMMONS TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|
| | | CIVIL NO 19-1-1321-08 DEC |

| PLAINTIFF, | | VS. | DEFENDANT. |
|---|---|---|---|
| Robert Browne | | | Christopher S. Wood #7172 |

Plaintiff Address:
758 Kapahulu Ave.
Ste. 1172
Hon. HI 96816
808-800-8172

Defendants

PLAINTIFF'S ADDRESS (NAME, ADDRESS, TEL. NO.)

City and County of Honolulu, Honolulu Police Department, Susan Ballard, in her official and Individual Capacity; Samuel L. Jarso, in his official and individual Capacities; and Doe Defendant officers 1 through 20, inclusive

## TO THE ABOVE-NAMED DEFENDANT(S)

You are hereby summoned and required to file with the court and serve upon

Christopher Wood 758 Kapahulu Ave. ste. 1172 Hon. HI 96816

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.

A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.

| DATE ISSUED | CLERK | | |
|---|---|---|---|
| AUG 2 0 2019 | | N. ANAYA (SEAL) | |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office

Circuit Court Clerk. I do hereby certify that this is a full, true, and correct copy of the original on file in this office

Clerk, Circuit Court, First Circuit

In accordance with the Americans with Disabilities Act and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the First Circuit Court Administration Office at PHONE NO. 539-4333, FAX 539-4322, or TTY 539-4853, at least ten (10) working days prior to your hearing or appointment date.

Reprographics (07/11)

SUMMONS TO ANSWER CIVIL COMPLAINT  1C-P-787