IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RUPERT BROWNE,<br><br>            Plaintiff,<br><br>   v.<br><br>CITY AND COUNTY OF HONOLULU, *et al.*,<br><br>            Defendants. | Case No. 19-cv-00460-DKW-KJM<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS, AND (2) ALLOWING PARTIAL LEAVE TO AMEND** |

Defendants City and County of Honolulu (City) and the Honolulu Police Department (HPD)[1] move for dismissal of certain claims in the Complaint on various grounds. Although the foregoing motion was scheduled for a hearing, Plaintiff Rupert Browne did not file a response, or, for that matter, anything, related to the same. Having independently reviewed the City Defendants' requested relief, the Court finds that their arguments have merit and, therefore, GRANTS the motion to dismiss. Nonetheless, because some of the deficiencies in the Complaint may be correctable, the Court provides Plaintiff with limited leave to amend, as set forth below.

---

[1]Collectively, the "City Defendants."

**RELEVANT BACKGROUND**

On July 15, 2019, in State court, Browne initiated this case with the filing of a Complaint against the City Defendants, as well as Chief of Police Susan Ballard and Lieutenant Samuel Jacso in both their individual and official capacities. Browne alleges that the Defendants, collectively, injured him through negligence (Count One), an unreasonable search and seizure (Counts Two and Six), discrimination (Counts Three and Five), and a civil rights deprivation (Count Four) in violation of federal and State law.

After the City Defendants removed Browne's Complaint to this Court, they filed the instant motion to dismiss. Dkt. No. 6. The City Defendants seek dismissal of Browne's federal claims on the grounds that the City cannot be held liable under applicable federal law, and the Complaint fails to allege acts directly attributable to the City. Next, the City Defendants seek dismissal of Browne's State claims on the grounds that the Complaint fails to indicate whether Jacso was acting in the scope of his employment with the City, and the Hawaiʻi Constitution does not recognize a claim for personal damages. The City Defendants also argue that the official capacity claims against Ballard and Jacso should be dismissed because the claims are, in reality, against the City and, thus, are duplicative.

Finally, the City Defendants move for dismissal of the HPD as a defendant on the ground that it and the City are not separate entities.

A hearing was set to take place on the motion to dismiss on October 18, 2019. Dkt. No. 7. Pursuant to Local Rule 7.2, therefore, a response to the motion was due on or before September 27, 2019. No response was filed by that deadline and one has still not been filed as of the date of this Order. After the City Defendants did not file a reply and after review of the motion to dismiss, the Court elected to vacate the October 18 hearing date. Dkt. No. 10. This Order now follows.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id.* at 679.

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). Justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## **DISCUSSION**

The Court addresses each of the City Defendants' four arguments in turn. First, the City Defendants argue that the federal claims against the City should be dismissed because the City cannot be held liable for the alleged constitutional

violations of its employees, and the Complaint fails to allege any conduct directly attributable to the City. The Court agrees. Review of the factual allegations in the Complaint reflects that none of the same are asserted directly against the City. Instead, they are all asserted against HPD police officers such as Jacso. Therefore, because Browne's claims against the City under Sections 1981 and 1983 of Title 42 must allege a constitutional violation resulting from an official policy or custom of the City, *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1216 (9th Cir. 1996), and they do not, the motion to dismiss is granted in this regard. Nonetheless, because this pleading deficiency may be correctable, albeit not evidently from what has been alleged so far, the Court allows Browne leave to amend his federal claims against the City.

Second, the City Defendants argue that the State law claims against the City should be dismissed because (1) a claim for personal damages is not recognized with respect to alleged violations of the Hawaiʻi Constitution, and (2) the Complaint does not indicate whether Jacso was acting in the scope of his employment for purposes of Browne's negligence claim. The Court agrees. As to the claims brought under the Hawaiʻi Constitution, as the City Defendants assert, Hawaiʻi courts have not recognized a claim for personal damages with respect to alleged State constitutional violations. *See Figueroa v. State*, 604 P.2d

1198, 1205-07 (Haw. 1979) (concluding that Hawaiʻi has not waived its sovereign immunity for claims seeking money damages for violations of the State Constitution); *see also Davis v. Abercrombie*, 2014 WL 3809499, at *16 (D. Haw. July 31, 2014) (predicting that the Hawaiʻi Supreme Court would not recognize a damages claim arising under the State Constitution). As a result, the motion to dismiss is granted with respect to the State constitutional claims asserted against the City. Further, leave to amend those claims would be futile, given the law set forth above.

As for the negligence claim, the Court agrees that fair review of the Complaint fails to indicate whether Browne intends to allege that the HPD police officers, including Jacso, were acting within the scope of their employment when they committed the acts alleged. Thus, the Court grants the motion to dismiss to the extent that the negligence claim fails to place the City on notice of whether the allegations plausibly allege a claim against it. Nonetheless, Browne may have leave to amend his allegations to clarify whether the HPD police officers were acting in the scope of their employment or not.[2]

---

[2]In that regard, the Court observes that, if appropriate, Browne may plead this claim in the alternative. *See, e.g.*, *Thourot v. Tanuvasa*, 2011 WL 2160610, at *5-6 (D. Haw. May 31, 2011) (explaining the differences between the alternative claims of negligent supervision and respondeat superior, and finding that the plaintiff failed to plead facts supporting either).

Third, the City Defendants argue that the official capacity claims against Ballard and Jacso should be dismissed as duplicative of the claims asserted against the City. The Court agrees that these claims should be dismissed. This is because an official capacity claim is treated as a claim against the governmental entity of which an official is an agent, and thus, "'the entity's policy or custom must have played a part in the violation of federal law.'" *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159 (1985)) (internal quotation omitted). As a result, the motion to dismiss is granted in this regard. Further, leave to amend is inappropriate because amendment would be futile. Therefore, the official capacity claims against Ballard and Jacso are dismissed with prejudice.

Fourth, the City Defendants argue that the HPD should be dismissed as a defendant in this case because the Department and the City are not separate legal entities. The Court agrees. *Dowkin v. Honolulu Police Dep't*, 2010 WL 4961135, at *3 (D. Haw. Nov. 30, 2010) (treating claims against the HPD as claims against the City because the HPD is not an independent legal entity). Further, leave to amend is inappropriate because amendment would be futile. Therefore, the HPD is dismissed from this case.

Finally, in the motion to dismiss, the City Defendants assert that the website for the Hawaiʻi State Bar Association (SBA) reflects that counsel for Plaintiff, Christopher S.B. Woo, has been "suspended." Dkt. No. 6-1 at 2. Given the nature of this assertion, the Court has independently reviewed the SBA's website. As of the date of this Order, *i.e*., October 10, 2019, the SBA's website states that Attorney Woo's license status is "[a]ctive[.]" However, so this matter can be clarified for purposes of this litigation, **the Court ORDERS Attorney Woo to file, within seven (7) days of entry of this Order, a notice advising whether he will continue to represent Browne going forward and, if so, whether he is licensed and authorized to do so**. Failure by Attorney Woo to file such a notice will result in the issuance of an Order to Show Cause.

## CONCLUSION

For the reasons set forth herein, the motion to dismiss, Dkt. No. 6, is GRANTED. Browne is provided leave to amend the Complaint to the extent set forth herein. **Browne may have until November 12, 2019 to file an amended**

**complaint.** Failure to file an amended complaint by that date will result in this case proceeding with what remains of the current Complaint, Dkt. No. 1-2.

IT IS SO ORDERED.

Dated: October 10, 2019 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Rupert Browne v. City & County of Honolulu, et al*; Civil No. 19-00460 DKW KJM; **ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS, AND (2) ALLOWING PARTIAL LEAVE TO AMEND**